**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017, LLC, | § | **FILED UNDER SEAL PURSUANT** |
| | § | **TO PROTECTIVE ORDER** |
| Plaintiff, | § | |
| v. | § | NO. 2:18-cv-00497-JRG-RSP |
| | § | NO. 2:18-cv-00501-JRG-RSP |
| GOOGLE LLC, | § | NO. 2:18-cv-00551-JRG-RSP |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## DEFENDANT GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ ii

I.      ISSUE PRESENTED AND INTRODUCTION ................................................... 1

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS ................................... 1

        A.      Uniloc's Litigation Campaign.................................................................. 1

        B.      Uniloc's Infringement Claims................................................................. 2

        C.      How YouTube And Google Cloud M&E Operate .................................. 4

        D.      Uniloc's Opportunities To Determine Google Does Not Use The Accused
                Functionalities........................................................................................ 4

III.    LEGAL STANDARD........................................................................................ 7

IV.     YOUTUBE AND GOOGLE CLOUD M&E DO NOT USE ███████████
        ████.................................................................................................................. 7

V.      CONCLUSION................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby*,
   477 U.S. 242, 106 S. Ct. 2505 (1986) ............................................................................7

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012) .....................................................................................9

*Connectel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) ...........................................................................5

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ...................................................................................7, 8

*Linex Techs., Inc. v. Belkin Int'l, Inc.*,
   628 F. Supp. 2d 703 (E.D. Tex. 2008) ...........................................................................2

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
   210 F.3d 1099 (9th Cir. 2000) .......................................................................................7

*Orion IP, LLC v. Staples, Inc.*,
   407 F. Supp. 2d 815 (E.D. Tex. 2006) ...........................................................................2

*Sycamore IP Holdings LLC v. AT & T Corp.*,
   294 F. Supp. 3d 620 (E.D. Tex. 2018) ...........................................................................8

**Other Authorities**

Fed. R. Civ. P. 56 ................................................................................................................7

## I.    ISSUE PRESENTED AND INTRODUCTION

The Court should grant summary judgment in the above-captioned cases because

Defendant Google LLC ("Google") does not use, and has never used, the accused technology.

Plaintiff Uniloc 2017, LLC ("Uniloc") alleges that Google infringes by using ███████

███████ (Case Nos. 2:18-cv-497 and 2:18-cv-551) and ████████████████

███████████████ (Case No. 2:18-cv-501).  However, it has no reasonable basis to assert such

use because, as Google has repeatedly explained to Uniloc, it simply does not use these features.

Consistent with this, Uniloc cannot point to any fact that might support its infringement

accusations, even after having full access to the relevant Google source code for months.  Nor

could discovery or claim construction alter the simple fact that Google does not use ██████

█████████████████ upon which Uniloc's infringement allegations depend.  Google has

informed Uniloc multiple times via written correspondence that it simply does not use the

accused features.  But Uniloc refuses to withdraw these lawsuits.  Therefore, Google requests

that the Court grant summary judgment of non-infringement.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.  Uniloc's Litigation Campaign

In late 2018, Uniloc filed twenty-one patent suits against Google in this District.[1]  Many

of the cases allege infringement based on a clear misunderstanding of Google products, including

by accusing functionalities not incorporated into the accused technology.  By this motion,

Google moves for summary judgment in three of these cases.

---

[1] The cases not at issue in this motion are Case Nos. 2:18-cv-491, -492, -493, -494, -495, -496, -498, -499, -500, -502, -503, -504, -548, -549, -550, -552, -553, and -554.  In 2017, Plaintiff brought six suits against Google in this District, which are presently stayed pending invalidity proceedings at the Patent Trials and Appeals Board.  Those are Case Nos. 2:17-cv-231, -214, -224, -465, -466, and -467

### B.  Uniloc's Infringement Claims

Uniloc's -497, -501, and -551 cases allege that Google infringes United States Patent

Nos. 6,329,934 ("the '934 patent"), 6,452,515 ("the '515 patent"), and 7,012,960 ("the '960

patent") (collectively, "the asserted patents"), respectively.  (*See* Dkt. No. 1 for each of the -497,

-501, and -551 cases.)  On May 6, 2019 and June 17, 2019, Uniloc served its infringement

contentions in these cases.  (Exs. A-F, '934 Patent Infringement Contentions and Charts, '515

Patent Infringement Contentions and Charts, '960 Patent Infringement Contentions and Charts.)

Uniloc asserts that specific techniques of two of Google's products—YouTube and Google

Cloud Media & Entertainment ("Google Cloud M&E")—infringe the asserted patents as follows:

| Case Number | Asserted Patent | Accused Product(s) |
|---|---|---|
| 2:18-cv-497 | U.S. Patent No. 6,329,934 | YouTube and "Google Cloud (Media & Entertainment Solutions)"[2] |
| 2:18-cv-501 | U.S. Patent No. 6,452,515 | "Google Cloud Platform"[3] |

---

[2] In the header to its infringement charts in the -497 case, Uniloc also lists ███████████ ████████████.  Uniloc has not identified how those products supposedly infringe the '934 patent—it did not chart the technology, nor did it include any attempt to justify its failure to do so.  Uniloc has therefore failed to properly accuse these products in this case, as Google outlined in correspondence on June 17, 2019, to which Uniloc has not substantively responded.  (Laurenzi Decl., ¶ 6; Ex. G, 6/17/2019 Letter from E. Brann to J. Etheridge.)  *Orion IP, LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) ("Compliance with Patent Rule 3-1 demands [preliminary infringement contentions] that describe particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent claims themselves.") (quotation and citation omitted); *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 711 (E.D. Tex. 2008) (finding infringement contentions inadequate for "failing to identify with any level of detail how the Accused Products infringe the asserted claims" where the plaintiff made "no specific references to any of the Accused Products within the claim chart").

[3] Uniloc also lists ████████████████████████) in the header to its infringement charts in the -501 case.  However, in support of its infringement allegations, Uniloc's infringement charts rely ██ ████████████████████████████████ ████████████████████████████████████.  (Declaration of Steven Robertson ("Robertson Decl."), ¶¶ 5-6; ████████████████████████.)

| 2:18-cv-551 | U.S. Patent No. 7,012,960 | "Google Cloud Platform"[4] |
| --- | --- | --- |

Uniloc's complaints generally assert that the video encoding techniques used in YouTube's and Google Cloud M&E's video-delivery systems infringe Uniloc's patents.  In its contentions and discovery responses in the -497 and -551 cases, ██████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████ (██████████████ Ex. F at 8-9; Declaration of Oztan Harmanci ("Harmanci Decl."), ¶ 5; Declaration of Thierry Foucu ("Foucu Decl."), ¶ 5.) ████████████████

████████████████████████████████████████████████████████████████████

██████████████████████ (Harmanci Decl. ¶¶ 7, 13; Foucu Decl. ¶ 8.)

In the -501 case, Uniloc alleges that Google infringes the '515 patent because Google Cloud M&E performs video encoding ████████████████████████████████

██████████████████████████████████████████████████████████ ██████████

████████████████████████████████████████████████████████████ (*Id.* at 21-27;

---

On July 8, 2019, Google sent a letter to Uniloc explaining that its allegations against Pixel devices are facially deficient for this reason.  (Laurenzi Decl., ¶ 7; Ex. H, 7/8/19 Letter from R. Laurenzi to R. Loveless.)  Uniloc has not substantively responded.  (Laurenzi Decl., ¶ 7.)

[4] This motion refers to "Google Cloud (Media & Entertainment Solutions)" and "Google Cloud Platform" collectively as "Google Cloud M&E."

Harmanci Decl., ¶ 9.)  Google does not currently implement ███████, and there is no evidence in this case that any video streaming service ever has.  (Harmanci Decl. ¶ 13.)

Uniloc's infringement contentions provide no evidence that YouTube or Google Cloud ███████.  Instead, the contentions rely on ███████



### C.  How YouTube and Google Cloud M&E Operate

Neither YouTube nor Google Cloud M&E uses, or has the capability to use, ███████.  Google Cloud M&E does not use, has never used, and has never had the capability to use ███████t.  (Harmanci Decl., ¶ 6; Foucu Decl., ¶ 7.)  The accused Google Cloud M&E does not use, has never used, and has never had the capability to use ███████t.  (Harmanci Decl., ¶ 11.)  Google engineers are not aware of ███████ ███████ (Harmanci Decl. ¶¶ 7, 13; Foucu Decl. ¶ 8.)

### D.  Uniloc's Opportunities To Determine Google Does Not Use The Accused Functionalities

Uniloc has had multiple avenues at its disposal to determine that Google does not use these accused technologies.  First, Google made source code for YouTube and Google Cloud M&E available on July 15, 2019 in the -497 and -501 cases and on August 26, 2019 in the -551 case.  (Laurenzi Decl., ¶ 2; Exs. R-T, 7/15/2019 and 8/26/2019 Emails from M. Marshall to Uniloc's Counsel.)  That code shows that YouTube and Google Cloud M&E lack any ███████ ███████ and that Google Cloud M&E ███████.  Uniloc has made no effort to review this source code and consequently did not amend its infringement contentions to

address Google's code within thirty days after the source-code disclosure.  (Laurenzi Decl., ¶¶ 3,

5.)  Its deadline to do so has now expired.  (*See* -497 case, Dkt. No. 38 at 3 (setting 30-day

deadline to comply with P.R. 3-1 after source code is produced); -501 case, Dkt. No. 36 at 3

(same); '551 case, Dkt. No. 44 at 3 (same).)

    Second, publicly available video-analysis tools show that the Accused Instrumentalities

do not █████████████████.  (Harmanci Decl., ¶¶ 8, 14; Foucu Decl., ¶ 9.)  Uniloc is aware

of these video-analysis tools: ██████████████████████████

██████████████████████████████████████

████████████████████████████████████.  The

fact that Uniloc has been aware of these tools and relied on one in another case against Google

demonstrates that Uniloc's pre-filing investigation in the present matters was inadequate.  Any

reasonable pre-suit investigation would have included a basic analysis of whether Google's

products actually use █████████████████████.  *See Connectel,*

*LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("Plaintiffs are expected to

rigorously analyze all publicly available information before bringing suit and must explain with

great detail their theories of infringement.").

    Third, any i████████████████████████

████████████████████████████████████

███████████████████████████████

███████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████  Google

engineers are not aware of any use of these technologies in the industry.  (Harmanci Decl., ¶¶ 7, 13; Foucu Decl., ¶ 8.)

Fourth, Google's counsel repeatedly has informed Uniloc that Google does not use this technology, but Uniloc has made no effort to address the shortcomings in its cases.  On July 9, 2019, Google's counsel sent a letter to Uniloc's counsel explaining that ███████████ ████████████████████—a fact which would have been apparent in any reasonable pre-suit investigation—and demanding that Uniloc dismiss these cases with prejudice.  (Ex. I, 7/9/2019 Letter from R. Laurenzi to R. Loveless.) Google sent a follow-up letter two weeks later when Uniloc did not respond.  (Ex. J, 7/26/2019 Letter from R. Laurenzi to R. Loveless.) Instead of providing a substantive response, on August 8, 2019, Uniloc's counsel sent a form letter to Google's counsel (materially identical to letters it sent to Google in other litigations) stating that Uniloc was "evaluating [Google's] letters and in due course will provide written responses."  (Ex. K, 8/8/2019 Letter from R. Loveless to R. Laurenzi.)

On August 20, 2019, Google's counsel sent another letter to Uniloc's counsel, stating that Uniloc had not substantively responded to Google's earlier letters despite Google's production of the complete source code for the accused products which showed that Uniloc's infringement theory against Google was untenable.  (Ex. L, 8/20/2019 Letter from R. Laurenzi to R. Loveless.)  Google again demanded that Uniloc dismiss these cases in order to avoid the continued waste of judicial resources on a meritless infringement claim.  (*Id.*)  Uniloc did not respond.

On October 10, 2019, Google's counsel sent yet another letter to Uniloc's counsel in a final attempt to amicably resolve the baseless nature of Uniloc's infringement claims.  (Ex. M,

10/10/2019 Letter from R. Laurenzi to R. Loveless.)  As of the filing of this motion, Uniloc still

has not responded.  (Laurenzi Decl., ¶¶ 7, 9-11.)

### III.    LEGAL STANDARD

Summary judgment is warranted when "there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  Under this

standard, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving

party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 249,

106 S. Ct. 2505 (1986).

If the movant does not have the burden of persuasion at trial, the movant "must either

produce evidence negating an essential element of the nonmoving party's claim or defense or

show that the nonmoving party does not have enough evidence of an essential element to carry

its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,

210 F.3d 1099, 1102 (9th Cir. 2000).

### IV.    YOUTUBE AND GOOGLE CLOUD M&E DO NOT USE ███████████████
███

There is no genuine dispute that Google does not infringe the asserted patent claims

because the accused products do not use either ████████████████████.  Therefore,

judgment of non-infringement as a matter of law is appropriate.

In the patent-infringement context, "a district court may rely on an industry standard in

analyzing infringement."  *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010).

"[I]f an accused product operates in accordance with a standard, then comparing the claims to

that standard is the same as comparing the claims to the accused product."  *Id.*  To defeat an

infringement claim in this circumstance, "[a]n accused infringer is free to either prove that the

claims do not cover all implementations of the standard or to prove that it does not practice the

standard." *Id.*  Therefore, "[o]nly in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance," because infringement does not follow when "the relevant section of the standard is optional." *Id.* at 1327-28.  "In these instances, it is not sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard"; rather, the patent owner must either a) "prove that the accused products implement any relevant optional sections of the standard," or b) "compare the claims to the accused products." *Id.* at 1328.

Therefore, Uniloc must show more than that Google implements the H.264 standard; Uniloc must show that "practicing the [relevant] standard would *necessarily* infringe" the asserted patents.  *Sycamore IP Holdings LLC v. AT & T Corp.*, 294 F. Supp. 3d 620, 633 (E.D. Tex. 2018) (emphasis added) (granting summary judgment of non-infringement because a plaintiff's attempt to show infringement simply by arguing that the defendant was practicing a standard was insufficient).  Here, Uniloc has not and cannot present any evidence showing that either: a) ██████████████████ are "*necessarily*" used under every implementation of the H.264 standard; or b) they are specifically implemented by YouTube or Google Cloud M&E.  *See Fujitsu Ltd.*, 620 F.3d at 1328 (requiring such a showing to prove infringement where an accused functionality is an optional aspect of the standard).

Uniloc's infringement theories rest solely on Google's use of the H.264 video-encoding standard in its accused products.  Uniloc then asserts, without support, that YouTube and Google Cloud M&E therefore implement ████████████████.  But Uniloc's own infringement contentions acknowledge that products may use or not use one or more of the features defined in the H.264 standard and nonetheless meet the H.264 standard.  (Ex. D at 27-28 (recognizing that only certain implementations of H.264 include ████).)  Indeed, it is possible to follow the H.264

standard without implementing ▮▮▮▮▮▮▮▮▮▮▮.  (*See* Harmanci Decl., ¶¶ 2, 4, 6, 11

(acknowledging that Google uses H.264 encoding but does not implement ▮▮▮▮▮▮); Foucu

Decl., ¶¶ 2, 4, 7 (same); Ex. O at 222 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ were rarely used in

H.264 products);  Ex. P at 1875 (same).)   There is no dispute that the H.264 encoders for

YouTube and Google Cloud M&E do not implement ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮.  (*See* Harmanci Decl., ¶¶ 6, 11, 12; Foucu Decl., ¶ 7; Ex. O

at 222;  Ex. P at 1875.)  Because Uniloc has made no showing that such functionalities are

necessary to encoding under the H.264 standard, or that any accused product implements the

accused functionality, YouTube and Google Cloud M&E cannot infringe the asserted patents

either literally or under the doctrine of equivalents.

Uniloc similarly can offer no evidence that Google indirectly infringes the asserted

patents.  As an initial matter, Uniloc has waived an indirect-infringement argument because its

infringement contentions do not mention or explain an indirect-infringement theory.  (*See* Local

Patent R. 3-1.)  Secondly, any indirect-infringement theory would fail on the merits.  As

discussed, neither YouTube nor Google Cloud M&E implements or has the capability to use

▮▮▮▮▮▮▮▮▮▮▮.  (*See* Harmanci Decl., ¶¶ 6, 11, 12; Foucu Decl., ¶ 7.)  Uniloc has

identified no evidence that any downstream user of these products could implement these

functionalities, precluding any indirect-infringement finding.  *See In re Bill of Lading*

*Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1333 (Fed. Cir. 2012)

("[L]iability for indirect infringement of a patent requires direct infringement[.]").  Uniloc thus

lacks an evidentiary basis to show that Google infringes Uniloc's patents in these cases.

Google has informed Uniloc several times that neither YouTube nor Google Cloud M&E implements, or has the present capability to implement ███████████████, and that these cases therefore should be dismissed.  Despite the evidence uniformly showing that Uniloc's infringement theory is baseless, Uniloc has offered no substantive response, has not moved to amend its infringement contentions, and has provided no evidence that could raise a genuine issue of infringement at trial.  Further, any attempt to amend Uniloc's infringement contentions would be improper—Uniloc missed its 30-day deadline to amend its contentions after Google made its source code available.  Regardless, the evidence conclusively shows that the accused products do not implement, have not implemented, and cannot implement ███████████████, which are Uniloc's sole basis for infringement.  Summary judgment of non-infringement is appropriate.

## V.  CONCLUSION

Uniloc cannot dispute that Google does not incorporate ███████████████ in the accused products.  Therefore, Google respectfully requests that the Court enter summary judgment of non-infringement and dismiss these actions with prejudice.


DATED: October 30, 2019

*/s/ Elizabeth L. Brann*

Elizabeth L. Brann
Ariell Bratton
PAUL HASTINGS LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
(858) 458-3000
elizabethbrann@paulhastings.com
ariellbratton@paulhastings.com

Robert W. Unikel
Michelle Marek Figueiredo
Matt R. Lind
PAUL HASTINGS LLP
71 S. Wacker, Suite 4500
Chicago, IL 60606
(312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com
mattlind@paulhastings.com


Robert Laurenzi
PAUL HASTINGS LLP
200 Park Ave.
New York, NY 10166
(212) 318-6000
robertlaurenzi@paulhastings.com


Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on October 30, 2019, to all counsel of record via the Court's electronic case filing (ECF) system.

*/s/ Elizabeth L. Brann*
Elizabeth L. Brann

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Elizabeth L. Brann*
Elizabeth L. Brann