# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC, | § § § § § § § § § § § | **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| Plaintiff, | | |
| v. | | NO. 2:18-cv-00497-JRG-RSP |
| | | NO. 2:18-cv-00501-JRG-RSP |
| GOOGLE LLC, | | NO. 2:18-cv-00551-JRG-RSP |
| Defendant. | | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

**TABLE OF CONTENTS**
Page

I. UNILOC RAISES NO GENUINE ISSUE OF MATERIAL FACT ................................. 1
II. UNILOC MUST ABIDE BY THE PATENT RULES ...................................................... 6
III. FURTHER DISCOVERY IS UNWARRANTED............................................................. 8
IV. CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beattie v. Madison Cty. Sch. Dist.*,
  254 F.3d 595 (5th Cir. 2001) ...................................................................................................9

*Brown v. City of Houston*,
  337, F.3d 539, 541 (5th Cir. 2003) .........................................................................................10

*Clark v. America's Favorite Chicken Co.*,
  110 F.3d 295 (5th Cir. 1997) ................................................................................................1, 2

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 526 (E.D. Tex. 2005) .................................................................................6, 7, 8

*Forsyth v. Barr*,
  19 F.3d 1527 (5th Cir. 1994) ....................................................................................................2

*Hassen v. Ruston Louisiana Hospital Co.*,
  932 F.3d 353 (5th Cir. 2019) ....................................................................................................3

*Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*,
  783 F.3d 527 (5th Cir. 2015) ....................................................................................................1

*Raby v. Livingston*,
  600 F.3d 552 (5th Cir. 2010) ....................................................................................................9

*Vertical Computer Systems, Inc. v. Interwoven, Inc.*,
  Case No. 2:10-CV-490-JRG, 2013 WL 12310807 (E.D. Tex. Sept. 13, 2013) ........................7

*Washington v. Allstate Ins. Co.*,
  901 F.2d 1281 (5th Cir. 1990) ..................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 56(c)(1) ....................................................................................................................6

Fed. R. Civ. P. 56(d) .......................................................................................................................8

Uniloc has offered no evidence that raises a genuine issue of material fact as to whether Google's accused products infringe its asserted patents as Uniloc contends—that is, whether the accused products ███████████████████████████████████████ ████. Uniloc's late attempt to raise new infringement theories undisclosed in its infringement contentions would upend this Court's Patent Rules and the trajectory of these litigations. Uniloc cannot convincingly claim that more discovery is necessary or permissible given the conclusive evidence presented by Google, coupled with Uniloc's continued failure to review the source code produced months ago. Thus, Google is entitled to summary judgment of non-infringement.

## I. UNILOC RAISES NO GENUINE ISSUE OF MATERIAL FACT

No genuine issue of material fact remains as to non-infringement; Google has disproved Uniloc's infringement theories as a matter of undisputed fact and law. Specifically, Google has shown that the accused products ████████████████████████████████████████, on which Uniloc's actions depend. Uniloc has presented no evidence to rebut Google's showing. Accordingly, summary judgement of non-infringement is appropriate.

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *Nola Spice Designs, L.L.C. v. Haydel Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995) (per curiam)). "[O]nce the moving party meets its initial burden of pointing out the absence of a genuine issue for trial, the burden is on the nonmoving party to come forward with competent summary judgment evidence establishing the existence of a material factual dispute." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997). "Unsupported allegations or affidavit or deposition

1

testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark*, 110 F.3d at 297. Uniloc must "identify specific evidence in the record, and [] articulate the precise manner in which that evidence support[s] [its] claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citations omitted).

Google's uncontroverted evidence shows that Uniloc's infringement theories fail—



. The recent depositions of Google witnesses reiterate this and explain how non-infringement is readily apparent from the relevant source code. *See, e.g.*,

.

Uniloc responds with no evidence to raise a genuine issue of material fact for infringement under any of its operative theories. As Google has repeatedly informed Uniloc, the accused products do not, and cannot, use the accused features, which would have been apparent in a reasonable pre-suit investigation or source-code review. Still, Uniloc offered no contrary evidence nor inspected the relevant source code—which has been available to it for several months—to confirm this. Laurenzi Decl. in Support of Mot., ¶¶ 2–3. Instead, Uniloc belatedly attempts to raise new infringement theories and offer new publicly available evidence to support



them. But Uniloc's "barebones, conclusory, or otherwise-unsupported assertions won't cut it." *Hassen v. Ruston Louisiana Hospital Co.*, 932 F.3d 353, 355–56 (5th Cir. 2019) (citations omitted). For example, Uniloc argues that ███████████████, and therefore supports its infringement theory in the -501 case, which specifically accuses ███████████████. *See* Uniloc Br. at 1–2. But Uniloc's infringement theory, as disclosed in its infringement contentions, is not directed toward Android devices generally, or even toward Pixel devices generally. Rather, it accuses ███████████████ '515 Patent Infringement Charts, Ex. V at 9. Uniloc's complaint likewise specifically accuses ███████████████. Compl., ¶ 85. ███████████████

In a similar fashion, Uniloc points to Attachments 11 and 12 of the Loveless Declaration as purported evidence that ███████████████ Br. at 2. Uniloc evidently has done nothing more than search the web for any term that

might be a variation of ▮▮▮▮ without showing its relevance, in an attempt to create a factual dispute. But Uniloc's infringement contentions specifically accuse ▮▮▮▮ ▮▮▮▮ ▮▮▮▮ *See, e.g.*, '934 Patent Infringement Charts, Ex. B at 5. Attachment 11 provides a single line of public code from WebRTC, an unaccused product, referring to ▮▮▮▮ ▮▮▮▮ but offers no explanation as to how this code relates to the accused ▮▮▮▮ other than the speculative statement in Mr. Loveless's Declaration that they "suggest use of ▮▮▮▮." *See* Loveless Decl., ¶ 12. Further, the WebRTC code has no relevance to the encoding software used by YouTube and Google Cloud M&E, which Uniloc has failed to inspect for over four months. Instead, Attachment 11 is source code for WebRTC, which Uniloc does not accuse and therefore is irrelevant. Attachment 12 to Uniloc's opposition brief mentions, for the first time, a "Super P-frame," which is part of a Microsoft proprietary RTVPF protocol. Its connection to H.264 encoding, if any, is undisclosed, and Uniloc provides no explanation as to how "Super P-frames" are covered by its contentions regarding ▮▮▮▮.

Rather than respond to Google's Motion with competent evidence showing a genuine issue of material fact as to any of its timely disclosed infringement theories, Uniloc claims that Google's Motion must fail because each of Google's declarants is not fully knowledgeable on all infringement theories for all accused (and even several unaccused) products. Uniloc also adds new infringement theories involving products and features that are absent from Uniloc's operative infringement contentions and are irrelevant to these cases, such as "WebRTC," "Duo," and "Stagefright." *See* Uniloc Br. at 1–2. The below table cuts through the confusion in Uniloc's brief regarding which case corresponds with which products, features, and Google declarants:

4

| Case | Accused Product and Feature | Google's Declarant |
|---|---|---|
| 2:18-cv-497[3] | 1. ▮▮▮▮▮▮▮▮▮▮<br>2. ▮▮▮▮▮▮▮▮▮▮ | 1. Thierry Foucu<br>2. Oztan Harmanci[4] |
| 2:18-cv-501 | 1. ▮▮▮▮▮▮▮▮▮▮<br>2. ▮▮▮▮▮▮▮▮▮▮ | 1. Oztan Harmanci<br>2. Steven Robertson |
| 2:18-cv-551 | ▮▮▮▮▮▮▮▮▮▮ | Oztan Harmanci |

Uniloc fails to present any evidence to raise a genuine issue as to non-infringement on any of its infringement theories, and instead raises new, undisclosed theories, products, and features, then complains that Google's declarants did not address them. For example, Uniloc claims that the declarants did not address "Stagefright," "WebRTC," and "Duo." Uniloc Br. at 1−2. Uniloc's infringement contentions never mention these products or features; Google therefore has no reason, or duty, to address them as possible infringement theories in order to obtain summary judgment—indeed, it cannot do so because it has had no notice of these products being part of these cases. Uniloc also complains that Google has not addressed "VP9" in the -497 case, but "VP9" likewise was not accused in Uniloc's infringement contentions—it was merely mentioned in one screenshot explicitly offered by Uniloc to articulate its

---

[3] As explained in Google's Motion for Summary Judgment and its pending Motion to Strike, Uniloc's infringement contentions for the -497 case failed to disclose any infringement theory against Ad Manager or Stadia. Mot. at 2 n.2, Mot. to Strike, Case No. 2:18-cv-497, Dkt. No. 154. Uniloc's delinquent efforts to manufacture infringement theories against these products should be dismissed.

[4] Uniloc strangely claims that "there is no indication as to what products, if any, are encompassed by [Mr. Harmanci's] statements." Uniloc Br. at 2. Mr. Harmanci's declaration repeatedly states that his statements address "Google Cloud Media & Entertainment," which Uniloc accuses in these cases. Harmanci Decl., ¶¶ 2, 4, 6, 11.

[5] As explained in Google's Motion, Uniloc's infringement theory against Pixel devices relies on source code that was deleted as of 2012. Mr. Robertson refutes Uniloc's theory in his declaration. Robertson Decl., ¶¶ 5-8. Mr. Harmanci further clarifies that Pixel devices do not use ▮▮▮▮▮▮▮▮▮▮ for Google Cloud M&E, as Uniloc contends. Harmanci Decl., ¶¶ 11, 12.

5

infringement theory for the "H.264 video codec," not the VP9 codec. '934 Patent Infr. Contentions Charts, Ex. B at 2. Similarly, Uniloc claims that Google has failed to address "H.265 (a.k.a. HEVC)" in the -551 case, but its infringement contentions in that case merely include a screenshot mentioning HEVC and disclose only an infringement theory based on ▇ under the H.264 standard. *See* '960 Patent Infr. Contentions Charts, Ex. F at 8. VP9 and H.265 therefore are irrelevant here.

Uniloc claims that Google must show non-infringement of Uniloc's asserted patents under any possible infringement theory. Uniloc states that for Google to succeed on its motion for summary judgment, Google must comprehensively show "what the accused products *do* in coding and rendering digital video data and [] whether Google has features corresponding to the patents-in-suit." Uniloc Br. at 1 (emphasis in original). This flouts this Court's Patent Rules and the Federal Rules of Civil Procedure, which require Uniloc to "state specific theories of infringement" in order to "narrow[] issues for . . . summary judgment," and to cite "to particular parts of materials in the record" to show a genuine issue of material fact to defeat a motion for summary judgment. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005); Fed. R. Civ. P. 56(c)(1).

Uniloc's infringement contentions crystallized its theories as to ▇ — they do not cover broad ideas of infringement under all theories imaginable. Where, as here, Uniloc presents no evidence to raise a genuine issue as to infringement under its disclosed theories, summary judgment of non-infringement is appropriate.

## II. UNILOC MUST ABIDE BY THE PATENT RULES

The Court should reject Uniloc's attempt to upend this Court's Patent Rules. "The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit," and

6

"requires the plaintiff to state specific theories of infringement" that "create a specific trajectory for the case." *Connectel*, 391 F. Supp. 2d at 527 (citations omitted). The rules require Uniloc to "formulate, test, and crystallize" its infringement theories so that "the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond." *Id.* Uniloc is "expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail [its] theories of infringement." *Id.* at 528.

Uniloc's infringement contentions disclosed its particular infringement theories: that YouTube and Google Cloud infringe its asserted patents by ███████████████████████ ███████████████████. Uniloc described no other basis for infringement. Since the time for Uniloc to amend its infringement contentions has passed, the parties therefore may litigate the "substantive issue central to this case"—"[w]hether or not [the] accused instrumentalit[ies] work[] as described in the infringement contentions." *Vertical Computer Systems, Inc. v. Interwoven, Inc.*, Case No. 2:10-CV-490-JRG, 2013 WL 12310807, at *2 (E.D. Tex. Sept. 13, 2013) (emphasis added). As Google has repeatedly informed Uniloc, as Uniloc would have seen had it reviewed the product source code, and as Google has indisputably shown the Court, the accused products here do not use the features that make up Uniloc's infringement theories. Summary judgment of non-infringement is therefore warranted.

Rather than present any evidence of infringement, Uniloc claims that its infringement contentions are mere "examples" of how Google's products might infringe its patents, and that Google can obtain summary judgment only by providing exhaustive evidence that no Google product—whether properly accused or not—could be found to infringe Uniloc's asserted patents under any hypothetical theory. But the Court's Patent Rules require the infringement contentions

7

to include actual, specified infringement theories, not mere examples with the door left open for Uniloc to add new contentions at its convenience. *See Connectel*, 391 F. Supp. 2d at 527–28. Google received no notice that Uniloc's infringement case would rest on anything other than █████████████; it cannot now be forced to litigate this case based on entirely new omnibus theories that Google *might* infringe Uniloc's patents for unspecified reasons. Uniloc's framing of the issue would defy this Court's Patent Rules and established law, and divert the "specific trajectory for the case." *See Connectel*, 391 F. Supp. 2d at 527.

As discussed in Section I, Uniloc's new infringement theories are untimely and improper. Uniloc did not disclose these theories in its infringement contentions served over six months ago, and cannot now raise new theories in an attempt to overcome a summary judgment against its existing theories. *See Connectel*, 391 F. Supp. 2d at 527. Further, all of the purported evidence that Uniloc offers is publicly available and could have, indeed should have, been discovered before Uniloc filed its complaint and disclosed its infringement contentions. *See Connectel*, 391 F. Supp. 2d at 528. Uniloc's efforts to introduce these documents at this late stage and to assemble new infringement theories based on them contravene the Patent Rules. The Court should therefore reaffirm the basic patent-litigation process that is framed around the infringement theories provided in a timely matter and described in Uniloc's infringement contentions, and grant summary judgment of non-infringement in these cases.

### III. FURTHER DISCOVERY IS UNWARRANTED

Google has disproved Uniloc's infringement case as a matter of law; further discovery would be unhelpful and only unduly prolong these proceedings.

Uniloc may request further discovery under Federal Rule of Civil Procedure ("Rule") 56(d) if it shows "that, for specified reasons, it cannot present facts essential to justify its opposition."

Fed. R. Civ. P. 56(d). "[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citations omitted). Uniloc "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion"; it "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citations omitted). "If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720 (5th Cir. 1999)). And if Uniloc "has not diligently pursued discovery . . . [it] is not entitled to relief" under Rule 56(d). *Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001).

Here, Uniloc "cannot present facts essential to justify its opposition" to Google's Motion for the simple reason that the parties' ample discovery has produced no such facts, and Google has conclusively shown that Uniloc's infringement theories fail. Indeed, Uniloc's response offers no evidence that its infringement theories have any factual support, even after months of discovery, repeated invitations to review source code, and the deposition of two Google engineers. Instead, Uniloc's motion, and its attorney's declaration, offer nothing more than conclusory statements that discovery *may* uncover evidence of infringement generally that Uniloc claims could support unspecified infringement theories. Uniloc notably cites only the language of the asserted patent claims and unrelated documents, not its infringement contentions

9

that actually disclose Uniloc's infringement theories and the bases for these cases. Uniloc does not even attempt to argue that further discovery could raise an issue on its *actual* infringement theories—that the accused products implement ███████████████. Uniloc instead ambiguously states that technical discovery into unaccused features will somehow create a genuine issue of material fact. Uniloc does not explain how more discovery will supply facts relevant to the case that the parties are actually litigating based on its own infringement contentions—in other words, whether the accused products implement ███████████████.

Moreover, Uniloc's request for further discovery is belied by its failure to acknowledge the fulsome discovery that has already taken place. Uniloc has ignored Google's repeated invitations to inspect source code for the accused products, which affirms that Google does not practice the accused features on which Uniloc's infringement theories depend. *See* Exs. G–M, R–T. Uniloc also has deposed ███████████████, and has obtained no contrary evidence to the declarants' statements showing that Google does not infringe. Uniloc, facing summary judgment on its operative infringement theories, cannot further extend these litigations and burden the Court and Google so it can probe for evidence to support new speculative theories. *See Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."). Summary judgment of non-infringement is appropriate.

IV. **CONCLUSION**

Accordingly, Google respectfully requests that the Court grant Google's Motion for Summary Judgment of Non-Infringement, enter summary judgment of non-infringement, and dismiss these actions with prejudice.

DATED: January 10, 2020          Respectfully submitted,

*/s/ Robert W. Unikel*
Robert W. Unikel
Michelle Marek Figueiredo
Matthew R. Lind
Paul Hastings LLP
71 S. Wacker, Suite 4500
Chicago, IL 60606
(312) 499-6000
robertunikel@paulhastings.com
michellemarek@paulhastings.com
mattlind@paulhastings.com

Elizabeth Brann
Ariell Bratton
Paul Hastings LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
(858) 458-3000
elizabethbrann@paulhastings.com
ariellbratton@paulhastings.com

Robert Laurenzi
Paul Hastings LLP
200 Park Ave.
New York, NY 10166
(212) 318-6000
robertlaurenzi@paulhastings.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON LLP
110 N. College Avenue, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Google LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on January 10, 2020, to all counsel of record via the Court's electronic case filing (ECF) system.

*/s/ Robert W. Unikel*
Robert W. Unikel

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Robert W. Unikel*
Robert W. Unikel
