# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017, LLC, | § | |
| Plaintiff, | § | |
| | § | NO. 2:18-cv-497-JRG-RSP |
| v. | § | NO. 2:18-cv-501-JRG-RSP |
| | § | NO. 2:18-cv-551-JRG-RSP |
| GOOGLE LLC., | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

*Filed Under Seal*

# SUR-REPLY IN OPPOSITION TO GOOGLE LLC'S
# MOTIONS FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT
# (-497 CASE, DKT. 118; -501 CASE, DKT. 110; -551 CASE, DKT. 81)

Google LLC's ("Google") Reply (Dkt. 177) further confirms that the Court should deny Google's Motion for Summary Judgment of Non-Infringement ("Motion," Dkt. 118).[1]

## I. The Court Should Deny Google's Motion for Ignoring the Actual Claim Language

Glaringly absent from Google's Reply and Motion is any reference to the actual claim language of the three asserted patents. Instead, Google wrongly compares examples in Uniloc's patent infringement contentions under P.R. 3-1 ("PICs") with its own self-serving characterization of its accused products.

But a bedrock principle of patent law holds that a proper infringement analysis must compare *the claim language* to the accused device. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 821–22 (Fed. Cir. 1992) ("The determination of infringement is a two-step process. First, the language of the claim must be interpreted. Second, the accused device must be *compared to the claim language* as interpreted."); *Amstar Corp. v. Envirotech Corp.*, 730 F.2d 1476, 1481 (Fed. Cir. 1984) ("The law of infringement requires that the *asserted claims be compared* with the products or processes accused of infringement."); *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607 (1950) ("In determining whether an accused device or composition [literally] infringes a valid patent, resort must be had in the first instance to the *words of the claim*. If accused matter falls clearly *within the claim*, infringement is made out and that is the end of it.").[2]

Adopting Google's approach—ignoring the claim language—would run afoul of over seventy years of Supreme Court and Federal Circuit precedent. There would be no need for courts to construe claims. And—under Google's misguided approach—the actual claim language would play no role. This cannot and should not be the law.

---

[1] In this brief, Uniloc references to filings in the -497 case unless otherwise noted.
[2] Emphasis has been added unless otherwise noted.

Tellingly, Google fails to cite to a ***single case*** that has granted a summary judgment of non-infringement without addressing the claim language. A district court commits legal error by ruling on infringement without comparing the accused devices to the actual claim language. *Cf. Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003) ("the [district] court eschewed the cardinal principle that the accused device must be compared to the claims rather than to a preferred or commercial embodiment….this was legal error insofar as the infringement analysis is not tied to the asserted claims."). Accordingly, as a matter of law, the Court should deny Google's Motions for failing to address the actual claim language.

## II. Uniloc's Infringement Theories Are Not Limited to Examples in its PICs

The only way Google can ignore the claim language in wholesale fashion is to create a strawman that Uniloc's infringement theory is limited to examples in Uniloc's Patent Infringement Contentions ("PICs") and then attempt to tear down Uniloc's infringement case based on that misguided assumption. But Google's approach flatly conflicts with the long-held view of this Court that PICs do not require a plaintiff to prove its infringement case. *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, 6:09-CV-116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010); *Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08–cv–144, 2009 WL 2590101, at *5 (E.D.Tex. Aug. 18, 2009) (stating "[i]nfringement contentions are not intended to require a party to set forth a *prima facie* case of infringement and evidence in support thereof"). Indeed, the Court has noted that "PICs … are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (quoting *Network Caching Technology, LLC v. Novell, Inc.*, 2003 WL 21699799, *4–5 (N.D.Cal.2003)). Google confuses PICs (which serve to provide notice of Uniloc's infringement theory) with actually proving infringement (which Uniloc will do leading

up to trial including in expert discovery).

Moreover, even a cursory examination of Uniloc's PICs reveals that any examples are identified by Uniloc as non-limiting. For instance, throughout its Reply, Google myopically focuses only on SP/SI frames and Flexible Macroblock Ordering (FMO). But both SP/SI and FMO were merely provided as examples of aspects of the Accused Functionality as noted in Uniloc's Response and were not a surrogate for the actual claim language. Dkt. 163 at 4 (noting that infringement contentions specifically used the phrase "[f]or example"); Dkt. 118, Ex. A at 2 (Uniloc's PICs noting that "Uniloc is not providing a claim chart for every aspect as such would be redundant of the operation accused."); *id.* at 3 (quoting this Court's *DDR Holdings* case that "there is no brightline rule that discovery is permanently limited to the products specifically accused in a party's [infringement contentions].")

Furthermore, as noted in Uniloc's pending Motion to Compel (Dkt. 160 at 1), this Court has long held that the "scope of discovery may include products and services … 'reasonably similar' to those accused in" PICs. *Epicrealm, Licensing, Inc. v. Autoflex Leasing, Inc.*, No. 2:05-cv-163-DF-CMC 2007, WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007). This rule "comports with the 'notice pleading and broad discovery regime created by the Federal Rules' and the 'right to develop new information in discovery.'" *Id.* (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Similarly, a party asserting infringement "need not necessarily chart every accused instrumentality if its contentions otherwise provide sufficient notice to [the accused infringer] of its infringement theories." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-cv-693-JRG-RSP, 2017 WL 3007464, at *4 (E.D. Tex. Jul. 14, 2017). Accordingly, Google is wrong by claiming that Uniloc is making "new infringement theories" including WebRTC, Duo, and Stagefright. *See* Dkt. 177 at 4. Uniloc has disclosed its "infringement theories"

in its PICs. WebRTC, Duo, and Stagefright are "reasonably similar" to the products and services charted in the PICs, and accordingly fall within the scope of discovery.

Google eschews the above-noted authorities. Instead, Google opts for a textual approach that robotically equates specific examples in the PICs to be the sum total of what is encompassed as Accused Instrumentalities. Google takes its logic to untenable and extreme positions. For instance, Google is critical of Uniloc's position that "products like Youtube [that] use the same functionality provided by *SP/SI* frames, but under a different name such as k*SP*/k*SI* frames." Dkt. 177 at 2. In particular, Google argues that response is that Uniloc has only specifically referenced "SP and SI frames as defined in the H.264 standard." *Id.* Google and its expert do not address whether the concepts kSP/kSI are reasonably similar to SP/SI, and instead take the position that the accused functions are limited to only modules named "SP" and "SI." Taking this textual approach to non-infringement is ripe for abuse. Accused infringers would merely have to rename modules and then claim that their modules no longer fall within the scope of Accused Instrumentalities. It would reduce the design around process to one of mere re-labeling, instead of changing functionality and structure.

An approach analogous to Google's was flatly rejected by this Court in the context of PICs:

> [Defendant] argues that [Plaintiff's] PICs do not contain a specific theory of infringement. It claims, for example, that [Plaintiff] *did not identify a specific "shift register"* in any of CPT's products. However, [Plaintiff's] PICs do identify structure in [Defendant's] products consistent with its proposed construction of the term "shift register." The purpose of PICs is not to present the Court's construction of the terms at issue or to prove infringement. Instead, *the purpose of PICs is to give the opposing party notice of the patentee's infringement theory*. [Plaintiff's] PICs satisfy this purpose. If [Defendant] did not understand [Plaintiff's] infringement theory, it could have filed a motion with the Court seeking clarification of [Plaintiff's] PICs.

*Honeywell Intern. Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009). Just as in Honeywell, it does not matter what specific names or labels Uniloc identifies. What matters is that Uniloc has put Google on notice of its infringement theories, which then puts into play all Google products and services that operate according to that theory or in a "reasonably similar" way.

**III.     Google Fails to Account for the Court's Claim Construction**

As noted above, Google's summary judgment is premised on the false assumption that Uniloc's infringement contentions are limited to certain examples in the PICs. Even if this assumption is valid (it is not), Google fails to account for the Court's construction of the disputed claim terms in these Actions. The Court held a claim construction for the -497 and -501 cases on January 6, 2020 (Dkt. 170) and has yet to issue its claim construction order. The claim construction hearing for the -551 case is set for February 19 and the parties are still briefing the issue. Once the Court issues its claim construction orders in each of these cases, Uniloc is entitled to file, without leave of the Court, amended infringement contentions under P.R. 3-6(a) if Uniloc has a good faith basis for doing so.  For instance, the Court may adopt a construction different than Uniloc's proposed construction, and Uniloc would be entitled to amend its contentions as to literal infringement. Uniloc has also preserved infringement under the doctrine of equivalents in its PICs. *See* Dkt. 118, Ex. A at 5 ("Uniloc reserves the right, pursuant to Local P.R. 3-6, to assert infringement solely under the doctrine of equivalents with respect to any particular claim element(s) if warranted by discovery received from Google, or a claim construction ruling from the Court, or both.") Accordingly, even if this Court construes the claims to foreclose literal infringement, Uniloc is entitled to amend its contentions to allege infringement under the doctrine of equivalents and/or alternative literal infringement theories.

In these scenarios, the Court's construction of the actual claim language will control. The

Court cannot—as Google proposes—rule on both literal infringement and infringement under the doctrine of equivalents by failing to address the actual claim language.

### IV.     Uniloc Should be Afforded the Opportunity to Take Discovery

Google makes several arguments why further discovery is not warranted. None of the reasons are legitimate.

*First*, in its Reply, Google cites four Fifth Circuit cases—*Washington*, *Raby*, *Access Telecom*, and *Beattie*—to argue that Uniloc is not entitled to discovery under Rule 56(d). Dkt. 177 at 8-9. These cases are inapposite. None of these cases address Rule 56(d) in unique context of a patent infringement case or in the context of this Court's Patent Rules. Google has failed to cite to a court that has denied additional discovery in a patent case under Rule 56(d) under circumstances similar to these Actions.

*Second,* contrary to Google's characterization, there has not been "ample discovery" on infringement. *See* Dkt. 177 at 9. Uniloc has been forced to file multiple motions to compel to obtain discovery relating to infringement. *See, e.g.,* Dkt. 160 at 1-2. Moreover, fact discovery will be open for one more month, and Uniloc is entitled to develop discovery during this period.

*Third*, there has been no "failure" to inspect source code as Google misleading states. Dkt. 177 at 1. Throughout these and other actions, Google has consistently and repeatedly withheld design specifications, flowcharts, and architecture documents that would enable Uniloc and its experts from analyzing source code. Google does not dispute that these documents exist. Yet Google would have Uniloc and its experts read and analyze the source code without these aids.

Date:   January 31, 2020                 */s/ Ryan Loveless*

                                              James L. Etheridge
                                              Texas Bar No. 24059147
                                              Ryan S. Loveless

        Texas Bar No. 24036997
        Brett A. Mangrum
        Texas Bar No. 24065671
        Travis L. Richins
        Texas Bar No. 24061296
        Jeff Huang
        Brian M. Koide
        Etheridge Law Group, PLLC
        2600 E. Southlake Blvd., Suite 120 / 324
        Southlake, TX  76092
        Tel.:  (817) 470-7249
        Fax:  (817) 887-5950
        Jim@EtheridgeLaw.com
        Ryan@EtheridgeLaw.com
        Brett@EtheridgeLaw.com
        Travis@EtheridgeLaw.com
        JHuang@EtheridgeLaw.com
        Brian@EtheridgeLaw.com

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on January 31, 2020, the foregoing document was served upon all counsel of record for the Defendant via the Court's electronic filing system.

        */s/ Ryan Loveless*
        Ryan Loveless

## CERTIFICATE TO FILE UNDER SEAL

Pursuant to the protective order entered in this case, the foregoing is being filed under seal.

        */s/ Ryan Loveless*
        Ryan Loveless