**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00497-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Before the Court is Defendant Google LLC's ("Google") Motion for Summary Judgment of Non-Infringement ("Motion").[1] (Dkt. 118). Google argues that Plaintiff Uniloc 2017 LLC ("Uniloc"), in its infringement contentions, accuses Google of using infringing SP/SI frame technology. Google contends that it does not use, and has never used, the accused SP/SI frame technology. (*Id*. at 1). Therefore, Google seeks summary judgment, contending that since it does not use the accused technology, it has shown that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Uniloc counters that Google relied on a narrow reading of Uniloc's infringement contentions and ignores that Google can infringe the asserted patents without using the SP/SI frame technology. (Dkt. 153 at 3). Uniloc argues that this technology was merely used as an example in its infringement contentions. More importantly, Uniloc argues that the infringement contentions were based on its pre-suit investigation and "additional discovery will likely show that the accused products" infringe the asserted patents. (*Id*. at 15).

---

[1] While this Motion was filed in multiple cases, this Order deals exclusively with the -497 case.

Federal Rule of Civil Procedure 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) defer considering the motion or deny it;
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>   (3) issue any other appropriate order."

Fed. R. Civ. P. 56(d).

Uniloc attached a declaration to its response. (*See* Dkt. 153-1). Within it, Uniloc states it "believes discovery will show that the accused products" perform the steps of the asserted patents. (*Id*. at 6). "For example, public evidence exists of Google's use of kSp and kSi slices or frames in Google's implementation of WebRTC . . . . Discovery will create a question of fact as to whether this technique is the same as using SP/SI frames and/or the method steps and devices claimed in the Asserted Patents." (*Id*.).

Through this declaration, Uniloc has persuasively argued that it could not present all the facts essential to justify its opposition to the Motion. As fact discovery is scheduled to close on March 31, 2020, the Court therefore finds it prudent to allow the parties to provide supplemental briefing to the Motion on this narrow issue. Specifically, the Court is interested in evidence uncovered in discovery supporting or negating the assertion that the accused products perform the steps of the asserted patents in this case.

Consistent with the guidance provided here, it is **ORDERED** that Uniloc provide a memorandum on this topic by April 3, 2020. It is further **ORDERED** that Google's response is due no later than April 13, 2020. The page limit will be set at 10 pages per side and no further briefing will be allowed beyond that without leave of the Court.

**SIGNED this 26th day of March, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE