IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>            Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>            Defendant. | Civil Action No. 2:18-cv-497-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |

**DEFENDANT GOOGLE LLC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

On October 30, 2019, Google moved for summary judgment of non-infringement based on the uncontroverted fact that the only accused products in this case, YouTube and Google Cloud Media & Entertainment, do not use, and have never used, the only technology accused by Uniloc in this case: SP and SI frames. Dkt. No. 118. The matter was fully briefed when, on March 26, 2020, the Court offered Uniloc one final opportunity to file, by April 3, 2020, a memorandum identifying any "evidence uncovered in discovery supporting or negating the assertion that the accused products perform the steps of the asserted patents in this case". *Id.* at 2. Uniloc failed to file that memorandum by April 3, and still has not done so today.

As noted in the Court's March 26, 2020 Order, *id.* at 2, Uniloc suggested in its opposition to Google's motion for summary judgment that the accused products use ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Dkt. No. 153 at 2.

However, for the reasons detailed in Google's reply in support of its motion for summary judgment, none of the evidence relied upon by Uniloc substantiates that position. In fact, all the evidence presented establishes that the accused Google services do *not* use the accused ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. No. 177 at 3-5. Even after the close of all written and document discovery, Uniloc still has not, and cannot, identify anything to the Court to establish that Google uses the accused ▮▮▮▮▮▮▮▮▮▮▮▮ (or practices the claim elements in any other specified manner).

Now that Uniloc has failed to offer evidence controverting Google's factually supported assertion that neither accused product uses ▮▮▮▮▮▮▮▮▮▮▮▮, the only properly accused technology in the litigation, this case is ripe for summary judgment that Google does not infringe the asserted patent. *See John v. Louisiana (Bd. of Trustees)*, 757 F.2d 698, 708 (5th Cir. 1985) (*citing Wang v. Lake Maxinhall Estates, Inc.*, 531 F.2d 832, 835 n. 10 (7th Cir. 1976); *McDermott v. Lehman*, 594 F. Supp. 1315, 1320-21 (D. Me. 1984); *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 930-32 (1st Cir. 1983)) (noting that, although a party's failure to file an opposition to a motion for summary judgment does not mandate automatic grant of the motion, the Court may accept as true all facts propounded by the party moving for summary judgment as a sanction for the failure). Google therefore respectfully requests that the Court now find that there is no material dispute that the accused products do not use the accused ▮▮▮▮▮▮▮▮▮▮▮▮ and that, as a result, the accused products do not infringe the asserted patent claims.

Importantly, Google recognizes that the Court also has pending before it Google's Renewed Motion to Dismiss for Lack of Standing and Improper Venue (Dkt. No. 106), which challenges the existence of a case or controversy in this matter, as well as whether this Court is

the proper court to hear this matter in the event there is federal jurisdiction over this dispute. Accordingly, it remains to be determined whether final dismissal of this case will rest on grounds of jurisdiction or venue, or on the merits (*i.e.*, because the accused Google products do not use the technological features that are accused of infringing the asserted patent claims).

      Google thus requests that after ruling upon Google's fully-briefed summary judgment motion, the Court stay this action, in its entirety, until the Court also rules on Google's pending motion to dismiss on jurisdictional and venue grounds. If this Court determines that it has proper jurisdiction and venue, then Google requests that, based on this summary judgment motion, the Court enter a final and appealable judgement that Google does not infringe the patent-in-suit and that Uniloc's Complaint, alleging infringement, is dismissed with prejudice.

DATED: April 10, 2019       Respectfully submitted,

By: */s/ Robert W. Unikel*
Robert W. Unikel (IL Bar #6216974)
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
**POTTER MINTON, P.C.**

4

110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 10th day of April, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                              */s/ Robert W. Unikel*
                                              Robert W. Unikel

## **CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                     */s/ Robert W. Unikel*
                                                    Robert W. Unikel