**RESTRICTED – ATTORNEYS' EYES ONLY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § § | Civil Action No. 2:18-cv-497-JRG-RSP |
| Plaintiff | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| GOOGLE LLC, | § § | **FILED UNDER SEAL** |
| Defendant. | § § § | |

## DEFENDANT GOOGLE LLC'S MOTION FOR FEES AND COSTS
## PURSUANT TO 35 U.S.C. § 285 AND THE COURT'S INHERENT POWERS

## TABLE OF CONTENTS

                                                                              **Page**

I.     INTRODUCTION .................................................................................................................. 1

II.    FACTUAL BACKGROUND .............................................................................................. 2

III.   ARGUMENT ....................................................................................................................... 6

        A.     35 U.S.C. § 285 and the Court's Inherent Powers Permit an Award of Google's Fees and Costs .......................................................................................... 6

        B.     Google Is the Prevailing Party ............................................................................... 7

        C.     Uniloc Knew, or Reasonably Should Have Known, Before It Filed Suit That the Accused Products Did Not Use ▇▇▇▇▇▇ ......................................... 8

        D.    Uniloc Ignored Google's Repeated Notice that Uniloc's Infringement Theory Was Factually Unsupportable ................................................................ 10

        E.     Google's Fees and Costs Are Reasonable .......................................................... 12

IV.   CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blackbird Tech LLC v. Health in Motion LLC*,
  994 F.3d 910 (Fed. Cir. 2019)...................................................................................................9

*Connectel, LLC v. Cisco Sys., Inc.*,
  391 F. Supp. 2d 526 (E.D. Tex. 2005).......................................................................................8

*Elec. Commc'n Techs., LLC v. Shopperschoice.Com, LLC*,
  No. 2019-2087, 2020 WL 3551988 (Fed. Cir. July 1, 2020)....................................................12

*Huang v. Huawei Techs. Co.*,
  No. 2:15-CV-01413-JRG-RSP, 2017 WL 1133201 (E.D. Tex. Mar. 27, 2017) .............7, 9, 11

*Iris Connex, LLC v. Dell, Inc.*,
  235 F. Supp. 3d 826 (E.D. Tex. 2017).......................................................................................7

*Lumen View Tech. LLC v. Findthebest.com, Inc.*,
  811 F.3d 479 (Fed. Cir. 2016)...............................................................................................9, 11

*My Health, Inc. v. ALR Techs., Inc.*,
  No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017).........................7

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545 (2014)................................................................................................................6, 7

*Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*,
  421 F. Supp. 3d 410 (E.D. Tex. 2019).....................................................................................11

*Stephens v. Tech. Int'l, Inc.*,
  393 F.3d 1269 (Fed. Cir. 2004).................................................................................................9

*Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*,
  549 F.3d 1381 (Fed. Cir. 2008).................................................................................................7

*Thermolife Int'l LLC v. GNC Corp.*,
  922 F.3d 1347 (Fed. Cir. 2019)...............................................................................................11

*Uniloc USA, Inc. v. Acronis, Inc.*,
  No. 6:15-CV-1001, 2017 WL 2901366 (E.D. Tex. May 1, 2017) ............................................7

*WPEM, LLC, v. SOTI Inc.*,
  No. 2:18-CV-00156, 2020 WL 555545 (E.D. Tex. Feb. 4, 2020).........................................7, 9

# TABLE OF AUTHORITIES
# (continued)

**Page(s)**

**Statutes**

28 U.S.C. § 1927 ............................................................................................................................12

35 U.S.C. § 285 ................................................................................................................1, 6, 7, 12

**RESTRICTED – ATTORNEYS' EYES ONLY**

Defendant Google LLC ("Google") respectfully moves this Court pursuant to 35 U.S.C. § 285 and the Court's inherent powers for an order directing Plaintiff Uniloc 2017 LLC ("Uniloc") to reimburse Google's fees and costs in this matter due to Uniloc's litigation misconduct.

## I.   INTRODUCTION

Uniloc filed this lawsuit against Google without any reasonable basis and then pressed its unsupportable claim for over 18 months. Uniloc's infringement theory rested on a single allegation: █████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████
█████████████████████████████████████████████████
██████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

**RESTRICTED – ATTORNEYS' EYES ONLY**

Uniloc's actions and omissions in bringing and pressing forward with this wholly unsupportable case caused Google to incur significant legal fees and costs over the past 18 months. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

## II.   FACTUAL BACKGROUND

The timeline of events in this case is revealing, and establishes that Uniloc had numerous opportunities, both before and after filing the Complaint, to discover and act on the indisputable reality that Google's Accused Products do not use, and have never used, the specific technology accused of infringement.

- On **November 18, 2018**, Uniloc asserted in its complaint that YouTube and Google Cloud Media & Entertainment (collectively, the "Accused Products") infringe the '934 patent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Unikel Decl. ¶¶ 1, 2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Accused Products ▓▓▓▓▓▓▓▓▓▓▓. Unikel Decl. ¶ 6. This accords with general industry practice, as virtually no video streaming service actually uses ▓▓▓▓▓▓. Unikel Decl. ¶¶ 6, 7, 8.

- On **May 6, 2019**, Uniloc ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Unikel Decl. ¶¶ 2, 10. On that same day, Uniloc, by its same counsel, served infringement contentions in the simultaneously filed -492 case ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**RESTRICTED – ATTORNEYS' EYES ONLY**

███ Unikel Decl. ¶¶ 11, 12. ███

███

███ the Accused Products. Unikel Decl. ¶ 10. Instead, Uniloc supported its infringement theory ███

███

███ ¶ 10. ███

███ Unikel Decl. ¶ 6. ███

███

███ Unikel Decl. ¶¶ 6, 7, 8.

- On **July 9, 2019**, ███

███ Unikel Decl. ¶ 13. ███

███ Unikel Decl. ¶ 16.

- On **July 15, 2019**, Google made relevant source code showing that the Accused Products lack any ███ available for Uniloc to inspect. Unikel Decl. ¶ 14.

███

███ Unikel Decl. ¶ 15.

- On **July 26, 2019**, Google sent another letter explaining that the Accused Products did not and do not use ███. Unikel Decl. ¶ 16. ███

███

**RESTRICTED – ATTORNEYS' EYES ONLY**

███████████████████████████████████████████." Unikel Decl. ¶ 17. ████████

████████████████████████████████████████████████ Unikel Decl. ¶ 18.

- On **August 20, 2019** and again on **October 10, 2019**, Google's counsel sent additional letters ████████████████████████████████████████████████████████

████████████████████████████████████████ Unikel Decl. ¶¶ 18, 19. ████████

████████ Unikel Decl. ¶ 19.

- On **October 30, 2019**, Google moved for summary judgment of non-infringement based on the Accused Products' ████████████████████████ (Dkt. No. 118), including sworn declarations from knowledgeable Google employees stating unequivocally that the Accused Products have ████████████████████. Unikel Decl. ¶¶ 20, 21.

- On **November 24, 2019**, Uniloc deposed the YouTube summary judgment declarant who confirmed that the ████████████████████████████████████████

████████████████████████████████████ Unikel Decl. ¶ 22. On **December 3, 2019**, ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████ Unikel Decl. ¶ 23.

- On **December 19, 2019**, Uniloc opposed Google's summary judgment motion by making ████████████████████████████████████████████████████████████

████████████████ Unikel Decl. ¶ 24. ████████████████████████████████████

████████████████████████████ Unikel Decl. ¶ 24.

- On **March 26, 2020**, the Court ordered Uniloc to identify "evidence uncovered in discovery supporting or negating the assertion that the accused products perform the steps of the asserted patents in this case" by April 3, 2020. Unikel Decl. ¶ 27. ████████████

4

- On **April 11, 2020**, 

  . Unikel Decl. ¶¶ 27, 30.[1]

- On **May 21, 2020**, 

Unikel Decl. ¶ 31.

- On **June 3, 2020**,

  Unikel Decl. ¶ 32.

  Unikel Decl. ¶ 33.

  Unikel Decl. ¶ 34.

- On **June 5, 2020**, without any advance notice, Uniloc filed a Rule 41 motion to voluntarily dismiss this case, purportedly due to "the compacted schedule leading up to trial, the limited time available for each trial, and ongoing discovery issues (including deficient source code production, a heavy deposition schedule, and delays in obtaining witness designations from

---

[1]  . *Id.*

Google)." Unikel Decl. ¶ 35. The Court dismissed the case with prejudice. Unikel Decl. ¶¶ 36, 37.

In the more than 18 months since Uniloc filed its complaint, Google was forced to expend significant resources defending against Uniloc's claims.   Unikel Decl. ¶¶ 38–41, 43. Unikel Decl. ¶ 42.[2]

### III. ARGUMENT

#### A. 35 U.S.C. § 285 and the Court's Inherent Powers Permit an Award of Google's Fees and Costs

District courts, in "exceptional cases," may "award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts decide whether a case is exceptional "in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* To make such a determination, district courts consider a nonexclusive list of factors, including "frivolousness, motivation, objective unreasonableness

---

[2] In addition to the fees and costs needlessly expended in this case, Google spent considerable time, money and effort preparing two IPR petitions collectively challenging the specific '934 patent claims asserted by Uniloc against Google. Unikel Decl. ¶ 26.

(both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (citation omitted); *see also WPEM, LLC, v. SOTI Inc.*, No. 2:18-CV-00156, 2020 WL 555545, at *7 (E.D. Tex. Feb. 4, 2020) (Gilstrap J.) (finding case exceptional where plaintiff "ignored obvious issues that should have been readily apparent to it had it adequately them as part of its own preparation for litigation."); *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-00535-RWS-RSP, 2017 WL 6512221 (E.D. Tex. Dec. 19, 2017) (finding case exceptional and awarding fees and costs). "The movant must show exceptionality by a preponderance of the evidence." *Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 842 (E.D. Tex. 2017).

In addition to the statutory bases for sanctions, a district court also may use its inherent power to sanction a party for litigation misconduct. *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). Although expert witness fees generally are not awardable under Section 285, a court may use its inherent power to "impose sanctions in the form of reasonable expert fees in excess of what is provided for by statute." *Id.* (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50 (1991); *Mathis v. Spears*, 857 F.2d 749, 759 (Fed. Cir. 1988)); *see also Huang v. Huawei Techs. Co.*, No. 2:15-CV-01413-JRG-RSP, 2017 WL 1133201, at *3 (E.D. Tex. Mar. 27, 2017) (Payne, M.J.). "The use of this inherent power is reserved for cases with 'a finding of fraud or abuse of the judicial process.'" *Takeda*, 549 F.3d at 1391 (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 379 (Fed. Cir. 1994)). "Such a finding may result from a litigant's 'bad faith and vexatious litigation conduct.'" *Huang*, 2017 WL 1133201, at *3 (quoting *Takeda*, 549 F.3d at 1391).

### B. Google Is the Prevailing Party

A defendant is a prevailing party for purposes of seeking fees and costs when a plaintiff voluntarily dismisses its case against the defendant with prejudice. *Uniloc USA, Inc. v. Acronis,*

*Inc.*, No. 6:15-CV-1001, 2017 WL 2901366, at *1 (E.D. Tex. May 1, 2017) (citing *Highway Equipment Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006)). Here, Uniloc did not oppose dismissal with prejudice. Dkt. No. 305 at 1. Thus, Google is the prevailing party.

### C. Uniloc Knew, or Reasonably Should Have Known, Before It Filed Suit That the Accused Products Did Not Use ▮

Uniloc never should have brought this case. Had Uniloc performed basic ▮ ▮ ▮ Unikel Decl. ¶¶ 6–12. Millions of dollars of legal fees and costs would have been saved, and hundreds of hours of party and Court time would have been conserved.

▮ ▮ ▮ ▮ ▮ Unikel Decl. ¶ 10. ▮ ▮ Unikel Decl. ¶ 10, *see also* ¶¶ 3, 4, 5, 7, 8.

▮ ▮ ▮ ▮ *See Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their

theories of infringement."). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Unikel Decl. ¶¶ 5–9. An award of fees and costs has been approved in similar cases where the accused device did not have the accused feature, but where the plaintiff, like Uniloc, nevertheless filed and prosecuted a claim without a reasonable basis. *Blackbird Tech LLC v. Health in Motion LLC*, 994 F.3d 910, 915–16 (Fed. Cir. 2019) (case exceptional where "even a modicum of due diligence by [plaintiff], as a part of pre-suit investigation, would have revealed weaknesses in its litigation position" because visual inspection showed that the accused exercise equipment did not have the claimed "housing"); *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 481–83 (Fed. Cir. 2016) (awarding fees where "'the most basic' pre-suit investigation would have shown" that the "AssistMe" feature did not use the accused "bilateral or multilateral preference matching process," thus "allegations of infringement were ill-supported"); *Stephens v. Tech. Int'l, Inc.*, 393 F.3d 1269, 1273–74 (Fed. Cir. 2004) (awarding fees for a "frivolous infringement suit" where "patentee knew or, on reasonable investigation, should have known was baseless.") (citation omitted); *Huang*, 2017 WL 1133201, at *1 (awarding fees where "[defendant] ha[d] never imported into the United States or sold a router or switch containing the particular type of chip that formed the basis of [plaintiff's] claim"); *see also WPEM, LLC*, 2020 WL 555545, at *7 (E.D. Tex. Feb. 4, 2020) (Gilstrap J.) (finding case exceptional where plaintiff "ignored obvious issues that should have been readily apparent to it had it adequately [sic] studied them as part of its own preparation for litigation.").

### D. Uniloc Ignored Google's Repeated Notice ▮

Even if Uniloc's refusal to conduct basic and dispositive pre-filing investigation could be overlooked, ▮

▮ Unikel Decl. ¶ 14. ▮

▮ Unikel Decl. ¶ 15. ▮

▮ Unikel Decl. ¶¶ 13, 16, 18, 19. ▮

▮ Unikel Decl. ¶¶ 25, 38–43. ▮

Even after Google filed its Motion for Summary Judgment of Non-Infringement, ▮ Unikel Decl. ¶¶ 25, 38–43. ▮ Unikel Decl. ¶¶ 22, 23. ▮ Unikel Decl. ¶ 23.

10

**RESTRICTED – ATTORNEYS' EYES ONLY**

In its eventual opposition to Google's summary judgment motion, Uniloc did not point to any evidence that the Accused Products used ▮▮▮▮▮. Instead, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But the Accused Products never used ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Unikel Decl. ¶ 10. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Only on May 21, 2020, after eighteen months of needless litigation, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Uniloc's "[d]elay in withdrawing claims . . . can support a finding that a case is exceptional." *Optis Wireless Tech., LLC v. Huawei Device USA, Inc.*, 421 F. Supp. 3d 410, 415 (E.D. Tex. 2019) (awarding attorneys' fees). In fact, courts regularly award fees and costs as a sanction against plaintiffs like Uniloc that knowingly and aggressively persist in prosecuting objectively baseless claims. *Lumen View Tech. LLC*, 811 F.3d at 481–83 (fees awarded where plaintiff ignored repeated notices by defendant that it did not use the feature accused of infringement); *Huang*, 2017 WL 1133201, at *3 (awarding fees where defendant "made every effort to demonstrate to [plaintiff] that [defendant] affirmatively *does not* infringe the asserted patents"); *see also Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (awarding fees where "one consideration that can and often should be important to an exceptional-case determination is whether the party

---

[3] As previously noted, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 235 at 1–2.

seeking fees 'provide[d] early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior'") (citation omitted).[4]

### E. Google's Fees and Costs Are Reasonable

Since Uniloc first filed this case in November, 2018, Google has expended ▮▮▮ ▮▮▮ to defend this meritless suit. Unikel Decl. ¶ 44. Google will provide a full accounting and breakdown of these amounts upon order of the Court.

## IV. CONCLUSION

Uniloc never should have filed this suit, and certainly should not have waited eighteen months to dismiss it. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Court should award Google its costs and fees under 35 U.S.C. § 285 and the Court's inherent powers.

---

[4] Contemporaneous with this motion, Google ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As the Federal Circuit recently found in *Electronic Communication Technologies, LLC v. Shopperschoice.Com, LLC*, such conduct should also be considered when awarding fees under 28 U.S.C. § 285. No. 2019-2087, 2020 WL 3551988, at *3 (Fed. Cir. July 1, 2020) (remanding case where District Court failed to address plaintiff's manner of litigation, which included filing repeat patent infringement actions to force settlement "with no intention of testing the strength of the patent or its allegations of infringement.").

**RESTRICTED – ATTORNEYS' EYES ONLY**

DATED: July 6, 2020  Respectfully submitted,

By: */s/ Robert W. Unikel*
Robert W. Unikel
robertunikel@paulhastings.com
Michelle Marek Figueiredo (IL Bar #6297112)
michellemarek@paulhastings.com
Matthew Richard Lind (IL Bar #6327241)
mattlind@paulhastings.com
John A. Cotiguala (IL Bar #6311056)
johncotiguala@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Christopher W. Kennerly (TX Bar #795077)
chriskennerly@paulhastings.com
**PAUL HASTINGS LLP**
1117 South California Avenue
Palo Alto, CA 94304
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Grant N. Margeson (CA Bar #299308)
grantmargeson@paulhastings.com
**PAUL HASTINGS LLP**
101 California Street

Forty-Eighth Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
E. Glenn Thames, Jr.
State Bar No.00785097
glennthames@potterminton.com
Patrick C. Clutter
State Bar No. 24036374
patrickclutter@potterminton.com
**POTTER MINTON, P.C.**
110 N. College Ave., Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

*Attorneys for Defendant Google LLC*


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rules CV-7(h) and (i), counsel for the Defendant met and conferred with counsel for the Plaintiff on July 6, 2020 in a good faith attempt to resolve the matters raised by this motion. No agreement could be reached. Plaintiff indicated it opposes the relief requested by this motion. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

                                                  */s/ Robert W. Unikel*
                                                  Robert W. Unikel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on July 6, 2020. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email.

                                                   */s/ Robert W. Unikel*
                                                  Robert W. Unikel

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

                                                   */s/ Robert W. Unikel*
                                                  Robert W. Unikel