IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC 2017 LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00497-JRG-RSP |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER

Before the Court are two Motions, both filed by Defendant Google LLC: the Motion for

Attorneys' Fees and Expert Fees Pursuant to 35 U.S.C. Section 285 and the Motion for Fees and

Costs Pursuant to 28 U.S.C. § 1927 (collectively, the "Motions"). Dkt. Nos. 308, 309.

## I.      BACKGROUND

Plaintiff Uniloc 2017 LLC filed this action against Google, as well as a dozen others

asserting different patents, in late 2018. In this case, Uniloc alleged that the video encoding

techniques Google used in its video-delivery systems infringed various claims of U.S. Patent No.

6,329,934. Specifically, Uniloc contended that the Google systems encode videos under the H.264

encoding standard and therefore implement an allegedly infringing component of the standard

known as SP/SI frames. *See* Dkt. No. 1 at ¶¶ 79–98. SP/SI frames are optional components under

H.264 that allow an encoded video stream to be sent at multiple bit-rates and provide features to

correct and compensate for errors that might arise in the video-encoding process.

Uniloc served its infringement contentions in May 2019. The infringement contentions

were directed to how Google "supports streaming of videos to end-user devices . . . using multi-

bitrate video streams in different formats including H.264," including adaptive bitrate streaming.

Dkt. No. 315-1 at 1. The contentions similarly explained that H.264 supports "SP and SI frames,"

which are also referred to as "SP and SI slice[s]." *Id.* at 5. Uniloc pointed to YouTube and Google Cloud (Media & Entertainment Solutions) as exemplary infringing products. Uniloc used an academic paper describing H.264 coding and the H.264 standard itself as the basis for its allegations. *See* Dkt. No. 118-6. After looking over Uniloc's allegations, Google told Uniloc multiple times that it did not infringe. It also made portions of its source code available.

On October 30, 2019, months before claim construction or the close of discovery, Google moved for summary judgment of non-infringement, arguing that its products do not use the accused SP/SI frames. Dkt. No. 118. Uniloc responded that it needed more discovery to effectively respond. Uniloc also pointed to Google source code from its real-time communication engine (known as "WebRTC") that shows the use of "kSp" and "kSi" slices.[1] Uniloc explained that it believed the kSP and kSI variables found in Google's code to be names for the allegedly infringing SP and SI slices. Uniloc also deposed several Google employees.

On March 26, 2020, near the close of discovery, the Court ordered "Uniloc to identify "evidence uncovered in discovery supporting or negating the assertion that the accused products perform the steps of the asserted patents in this case." Dkt. No. 234 at 2. Uniloc argued it needed more discovery.  However, Uniloc agreed to dismiss this case if Google provided a declaration that Google did not use the kSP/kSI frames within WebRTC. Dkt. No. 309-5. Google provided a declaration and, shortly thereafter, Uniloc filed a Rule 41 motion to voluntarily dismiss this case. Dkt. No. 301. The Court dismissed the case with prejudice. Dkt. No. 306. Google filed the present Motions soon after on July 6, 2020.[2]

---

[1] WebRTC is a set of software protocols that a streaming application can utilize.
[2] Google filed similar motions in two other identically titled cases: Case Nos. 2:18-cv-497 and 2:18-cv-503.

## II.      LEGAL STANDARD

### a.  35 U.S.C. § 285

A district court "may award reasonable attorney fees to the prevailing party" if the case is "exceptional." 35 U.S.C. § 285. A case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)).

"[C]ourts contemplating an award of attorney's fees should consider the totality of the circumstances in the case." *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, 2014 WL 6756304, at *3 (E.D. Tex. Aug. 6, 2014) (Dyk, J., sitting by designation) (citing *id.*). "The totality of the circumstances standard is not, however, an invitation to a 'kitchen sink' approach where the prevailing party questions each argument and action of the losing party in an effort to secure attorney's fees." *Id.* "[T]he mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith." *Id.* at *4 (citing *Octane*, 572 U.S. at 548).

Whether a case is exceptional is within the sound discretion of the district court. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). The Supreme Court and Federal Circuit have recognized that it is "the district court . . . that lives with the case over a prolonged period of time" and as such, "is better positioned to decide if the case is exceptional." *Id.* (internal quotation marks and citation omitted); *see also Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 953 (Fed. Cir. 2010) (expressing "reluctance to second-guess the judgment of trial judges who typically have intimate knowledge of the case").

### b.  28 U.S.C. § 1927

Counsel who "unreasonably and vexatiously" multiplies legal proceedings can be held liable for fees and costs. 28 U.S.C. § 1927. Unreasonable and vexatious behavior means "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) (citations omitted). "Conduct is unreasonable and vexatious if there is evidence of the persistent prosecution of a meritless claim and of a reckless disregard of the duty owed to the court." *Morrison v. Walker*, 939 F.3d 633, 637–38 (5th Cir. 2019) (internal quotation marks and citations omitted). To "shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that every facet of the litigation was patently meritless." *Id.* at 637 n.13 (citations omitted).

### III.    ANALYSIS

Google argues that Uniloc filed this lawsuit against Google without any reasonable basis and then pressed its unsupportable claim for over 18 months. Dkt. No. 309 at 1. Google also argues that Uniloc's counsel had "unfettered control" over this case and should be held jointly and severally liable for the actions discussed in its 285 Motion. *Id.* at 1.

### a.  Uniloc's Infringement Theory

The major dispute is whether Uniloc's infringement case was confined to accusing only the products identified as exemplary products in its filings. Uniloc accused Google's method of providing multi-bitrate streaming content. It identified services such as YouTube and Google Cloud and encoders such as SP/SI frames as non-limiting examples.

Uniloc's argument is simple. It believed that Google utilized SP and SI slices in its products, which Google named kSP and kSI in its source code. It argues that it had reason to believe these slices were used in at least Google's WebRTC engine (and in connection with

H.264). It continued to hold this belief because Google, according to Uniloc, did not dispute this point, instead providing misleading declarations that avoided the pertinent question. It also contends that Google stonewalled discovery on this point, forcing Uniloc to file discovery motions late in the process to acquire the information it needed. After Google declared that it did not use kSP and kSI slices in its accused products in May 2020, Uniloc moved to dismiss the case.[3] The case was dismissed shortly after.

Google provides two overarching reasons for why it believes Uniloc, and its counsel, acted so unreasonably in pursuing the case that they should be ordered to pay Google's legal costs and fees. First, it argues that a proper pre-suit investigation would have shown that Google does not use SP and SI slices. Dkt. No. 309 at 8–9. This was further reinforced, it argues, by its disclosures once suit was filed, including, for example, its source code production. Second, it argues that Uniloc improperly pointed to products that were not in its infringement contentions, mainly the WebRTC engine. Neither argument renders this case exceptional.

Google argues that a pre-suit investigation using the StreamEye analysis tool would have shown Uniloc that Google does not use the SP or SI slices. Uniloc argues that "testing using StreamEye would not show the absence of SP/SI frames." Dkt. No. 315 at 9 (citing Dkt. No. 315-6 at ¶ 12). Google provides no evidence that such testing would be effective and thus it has not met its burden.

Google also argues that a review of its source code would also show Uniloc that Google does not use SP or SI slices. It goes into further detail in its Motion for Fees and Costs Pursuant to § 1927. *See generally* Dkt. No. 288. As an initial matter, the parties fought for months over the

---

[3] Uniloc contends that Google's declaration was not the reason it dismissed the case. Instead, it argues it dismissed the case to streamline the scheduled jury trials. *See* Dkt. No. 315 at 6. Nonetheless, it agreed to dismiss the case soon after receiving Google's declaration.

source code. Uniloc wanted a guide or structure to navigate the source code, arguing that it would not be able to properly evaluate the enormous amount of code provided by Google without it. *See, e.g.,* Dkt. No. 237. It did not ignore the source code in bad faith, as Google contends, but instead explained it did not fully explore Google's source code until Google provided it a guide. Further, when Uniloc looked at the source code, it found the kSP and kSI variables. It reasonably believed that these encompassed the technology described in its infringement contentions and provided the evidence needed to prove infringement. Uniloc also argues that when it inquired further, Google's employees and counsel would not provide more information regarding the kSP and kSI variables. After Google declared that it did not use kSP and kSI slices in the accused products in May 2020, following repeated attempts from Uniloc to confirm this, Uniloc dismissed the case.

As for Google's second argument, this Court already heard argument and ruled on this point. *See e.g.,* Dkt. No. 235 at 1–2. The Court even struck some of the uncharted products. However, WebRTC is not a product as much as it is a tool that products can use. The rules surrounding it are different and the Court finds enough support to allow its inclusion. Uniloc, thus, had a plausible theory regarding Google's use of SI and SP slices until Google affirmatively repudiated that theory. Once that happened, Uniloc moved to dismiss the case.

In sum, Uniloc dismissed the case once it reasonably concluded it was unlikely to succeed. The facts here do not give rise to the exceptional circumstances needed to grant attorney fees. For similar reasons, Google has not shown that Uniloc's counsel "unreasonably and vexatiously" multiplied the proceedings in this case.

## IV.    CONCLUSION

For the reasons stated herein, the Court **DENIES** Google's Motions. Dkt. Nos. 308, 309.

 **SIGNED this 14th day of December, 2020.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE